**WINSTON & STRAWN LLP**
David C. Scheper (SBN: 120174)
DScheper@winston.com
Angela M. Machala (SBN: 224496)
AMachala@winston.com
Paul B. Salvaty (SBN: 171507)
PSalvaty@winston.com
Lara Markarian
LMarkarian@winston.com
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

John W.H. Harding (*pro hac vice*)
JWHarding@winston.com
1700 K St NW
Washington, DC 20006
Telephone: (202) 282-5000
Fascimile: (202) 282-5100

*Attorneys for Defendant Si Oh Rhew*

**LAW OFFICES OF BEAU B. BRINDLEY**
Beau B. Brindley (*pro hac vice*)
bbbrindley@gmail.com
53 West Jackson Blvd., Suite 1410
Telephone: (312) 765-8878

*Attorney for C'est Toi Jeans, Inc.*

**PAUL HASTINGS LLP**
Renato Mariotti (SBN 226447)
renatomariotti@paulhastings.com
Holly Campbell (*pro hac vice*)
hollycampbell@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, IL 60606
Telephone: 312-499-6005
Fax: 312-499-6105

Peter B. Axelrod (SBN 190843)
peteraxelrod@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: 212-318-6000
Fax: 212-319-4090

Nicole D. Lueddeke (SBN 300341)
Nicolelueddeke@paulhastings.com
515 South Flower Street
Los Angeles, CA 90071
Phone: 213-683-6000
Fax: 213-627-0705

*Attorneys for Defendant Lance Rhew*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C'est Toi Jeans, Inc.,<br>Si Oh Rhew, and<br>Lance Rhew,<br><br>　　　　　Defendants. | Case No. CR 20-222(A)-ODW<br><br>**DEFENDANTS'** ***EX PARTE*** **MOTION TO EXCLUDE THE GOVERNMENT'S PROPOSED SUMMARY CHARTS**<br><br>Trial Date:　September 17, 2024<br>Trial Time:　9:00 a.m.<br>Courtroom:　5D<br>Judge: Hon. Otis D. Wright, II |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2024, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5D of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, 5th Floor, Los Angeles, CA 90012, before the Honorable Otis D. Wright, II, defendants C'est Toi Jeans, Si Oh Rhew, and Lance Rhew will and hereby do respectfully move this Court for an order excluding the government's proposed summary charts under Federal Rules of Evidence 1006 and 403.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, Federal Rules of Evidence 1006 and 403, the government's recent discovery productions and proposed summary charts, the complete files and records in this action, the arguments of counsel, and such other matters as may be presented at the hearing on this Motion or prior to the Court's decision. While the parties agreed that all pretrial motions would be filed by July 29, 2024, Defendants received additional disclosures as recently as September 16, 2024, well after the pretrial filing deadline. As the government is anticipated to seek the admission of the summary charts through witnesses it recently indicated would be among the first three it will call to testify, it is necessary that the issues raised herein be brought to the Court's attention expeditiously.

DATED: September 17, 2024           Respectfully submitted,

/s/ Renato Mariotti
Renato Mariotti
Peter B. Axelrod
Holly H. Campbell
Nicole D. Lueddeke

*Attorneys for Lance Rhew*

*/s/ David C. Scheper*
David C. Scheper
Angela M. Machala
Paul B. Salvaty
John W.H. Harding
Lara Markarian

*Attorneys for Si Oh Rhew*

*/s/ Beau B. Brindley*
Beau B. Brindley

*Attorney for C'est Toi Jeans, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government has sought the admission of numerous summary charts that it did not timely disclose to Defendants, and which do not fairly and accurately summarize the underlying documents. This Court's September 9, 2024, order required that all summaries and charts "must comply with FRE 1006." Doc. 167 at 2. This requirement has not been met. And the admission of the proposed summary would present a risk of the dangers described in Federal Rule of Evidence 403 that substantially outweighs any probative value the proposed summary charts may possess. Defendants therefore respectfully request that this Honorable Court exclude the government's proposed summary charts.

## II. LEGAL STANDARD

Federal Rule of Evidence 1006 governs the admissibility of summary charts, and provides as follows:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006.

"A proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the opposing party for inspection." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996), *as amended* (Jan. 15, 1997). "The purpose of the availability requirement is 'to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial.'" *Id.* (quoting *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259

(9th Cir.1984)). "Where a party fails to make available materials underlying a summary exhibit, that summary exhibit is inadmissible." *Id.* (quoting *United States v. Miller,* 771 F.2d 1219, 1238 (9th Cir.1985)).

"While Rule 1006 does not specify the time that summaries must be made available to the opposing party, it does not allow a party to spring summaries of voluminous documents on the opposing party so late in the proceedings that the party cannot check their accuracy prior to trial." *In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-01314-SAB, 2016 WL 2755938, at *10 (E.D. Cal. Apr. 8, 2016) (citing *Fidelity National Title Insurance Co. of New York v. Intercounty National Title Insurance Co.*, 412 F.3d 745, 753 (7th Cir.2005)); *cf. Fidelity National*, 412 F.3d at 753 ("No federal rule is needed, however, to empower a district judge to prevent a party from springing summaries of thousands of documents on the opposing party so late in the day that the party can't check their accuracy against the summarized documents before trial."); 8/27/2024 Hearing Tr. at 33 (explaining that trial by ambush "cannot happen . . . in federal court"). "Since demonstrative evidence such as summaries 'can be quite potent, the proponent should have the opportunity to review each item of evidence and raise any objections' prior to it being shown to the trier of fact." *In re Taco Bell*, 2016 WL 2755938, at *10 (quoting Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual,* § 9.05[1] at 9–27 (Joseph M. McLaughlin, ed., Matthew Bender 2015)).

Moreover, "[b]ecause a Rule 1006 exhibit is supposed to substitute for the voluminous documents themselves, . . . the exhibit must accurately summarize those documents." *United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013). "It must not misrepresent their contents or make arguments about the inferences the jury should draw from them." *Id.*; *cf. United States v. Spalding*, 894 F.3d 173, 185 (5th Cir. 2018) ("'[B]ecause summaries are elevated under Rule 1006 to the position of evidence,' we have warned, 'care must be taken to omit argumentative matter in their

preparation lest the jury believe that such matter is itself evidence of the assertion it makes.'" (quoting *United States v. Smyth*, 556 F.2d 1179, 1184 n.12 (5th Cir. 1977) (brackets omitted)). "A chart which for any reason presents an unfair picture can be a potent weapon for harm, and permitting the jury to consider it is error." *United States v. Conlin*, 551 F.2d 534, 539 (2d Cir. 1977). Rule 1006 summary charts must also comply with the other requirements of the Federal Rules of Evidence. *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979).

### III.    ARGUMENT

The Government has failed to adhere to the procedural and substantive requirements, and the Court should therefore preclude the government from admitting summary charts. Despite the Defendants' constant pleading for the government to disclose information regarding exhibits it intended to use at trial, the government waited until the last minute to disclose numerous summary charts. The earliest disclosure of summary charts was within two weeks of trial. The most recent was last night—the eve of trial—at 10:40 p.m. and contained a spreadsheet with over 800 rows, with each row presumably representing a unique document. Over the same period of time, the government has produced additional discovery containing over 30,000 documents. The government has not provided Defendants any meaningful opportunity to review the documents underlying the government's proposed summary charts, particularly in light of the government's recent barrage of disclosures. The government disclosed the summary charts too late in the day for Defendants to check their accuracy against the summarized documents before trial. In doing so, it violated the availability requirement of Rule 1006, and the summary charts are therefore inadmissible.

So too are the government's proposed summary charts substantively deficient under Rule 1006, as they do not fairly and accurately summarize the underlying documents. Instead, the government has injected argument and inferences about how

the documents should be interpreted. For instance, the government's proposed Exhibit 184 declares certain invoices false and others true, and determines an "undervaluation" amount based on those characterizations. But the characterization does not accurately and fairly summarize the information in the documents the exhibit purports to summarize. It instead directs the jury what conclusion it should make. Similarly, the government's proposed Exhibit 185 conducts an undervaluation analysis that does not fairly and accurately summarize the underlying documents. To the contrary, the government weaves its own inferences and arguments into the "summary" presenting them to the jury as fact. The government has thus violated Rule 1006's substantive requirements, and the summary charts should therefore be excluded.

The government's proposed summary charts not only violate Rule 1006; any probative value they may have is substantially outweighed by the dangers described in Federal Rule of Evidence 403, and they should thus be excluded under that rule. Because the government failed to disclose the proposed summary charts sufficiently prior to trial for the Defendant's to have and opportunity to verify their accuracy, the admission of the documents would severely prejudice the defendants. Moreover, the documents will mislead the jury by presenting the government's argument and inferences as summaries of the underlying documents. Whatever probative value the proposed summary charts may have, it cannot sustain these dangers. The Court should thus exclude the proposed summary charts under Rule 403.

## IV.   CONCLUSION

In this case, "[t]he course of the government smacks too much of a trial by ambush . . . ." *United States v. Powell*, 587 F.2d 443, 447 (9th Cir. 1978) (quoting *United States v. Kelly*, 420 F.2d 26, 29 (2d Cir. 1969)). The Court should not allow the government to benefit from these tactics at the expense of the Defendants' right

to a fair trial. Defendants therefore respectfully request that this Honorable Court exclude the government's proposed summary charts.

DATED: September 17, 2024                    Respectfully submitted,

*/s/ Renato Mariotti*
Renato Mariotti
Peter B. Axelrod
Holly H. Campbell
Nicole D. Lueddeke

*Attorneys for Lance Rhew*

*/s/ David C. Scheper*
David C. Scheper
Angela M. Machala
Paul B. Salvaty
John W.H. Harding
Lara Markarian

*Attorneys for Si Oh Rhew*

*/s/ Beau B. Brindley*
Beau B. Brindley

*Attorney for C'est Toi Jeans, Inc.*