TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal Bar. No. 256396)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
312 North Spring Street, 14th/11th Floor
Los Angeles, California 90012
Telephone: (213) 894-2433/3547/2686
E-mail: mark.childs@usdoj.gov
lana.owens@usdoj.gov
james.dochterman@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>C'EST TOI JEANS, INC.,<br>SI OH RHEW, and<br>LANCE RHEW,<br><br>Defendants. | No. 2:20-cr-00222-MCS<br><br>**PRELIMINARY ORDER OF FORFEITURE AS TO DEFENDANTS C'EST TOI JEANS, INC., SI OH RHEW, AND LANCE RHEW PURSUANT TO PARTIES' AMENDED STIPULATION [DKT. 614]**<br><br>No hearing requested. |

Upon consideration of the joint stipulation of Plaintiff, United States of America, and Defendants, C'est Toi Jeans, Inc., Si Oh Rhew, and Lance Rhew, for a preliminary order of forfeiture, and good cause appearing thereon, IT IS HEREBY ORDERED:

## I. FORFEITABLE PROPERTY

**A.** Upon full completion of the criminal case and exhaustion of related appeals, the government will condemn and forfeit $27,000,000.00 in U.S. currency (the "forfeitable property"), as a portion of the seized $38,457,088.04 described under FP&F No. 2014-2704-001066 in the attached **Exhibit A**, and shall dispose of the forfeited property in accordance with law.

## II. IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

B. Pursuant to Fed. R. Crim. P. 32.2 (b)(2)(C), the final order of forfeiture shall be entered in an amended sentencing order and will include the forfeitable property and the remainder of the property valued at approximately $20 million at time of seizure and described in **Exhibit B** (the "returned property") shall be returned to defendants under the following terms:

a. Returned property seized as U.S. currency and funds should be paid to defendants by electronic transfer directly into the client trust account of LAW OFFICES OF BEAU B. BRINDLEY, Phone: (312) 765-8878, email: bbbrindley@gmail.com. Beau B. Brindley is the attorney of record for defendants in this matter. Defendants or their attorney of record shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing defendants' social security and taxpayer identification numbers (if any), defendants' attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the LAW OFFICES OF BEAU B. BRINDLEY, client trust account to which the transfer of funds is to be made.

b. Of the returned property, attorneys' fees in the approximate amount of $7 million dollars for the law firms, including Beau B. Brindley, Haynes Boone, Winston & Strawn, and Paul Hastings, shall be paid out of the returned funds and sent separately and directly to the escrow account of counsel, Beau B. Brindley.

c. Counsel Beau B. Brindley will, within 30 days of execution of this agreement, provide to the government the exact amount in attorneys' fees to be sent separately and directly to said counsel Beau B. Brindley's escrow account.

d. Returned property described in **Exhibit B** generally as various apparel, jewelry, and vehicles, will be returned in cooperation between defendants and U.S. Customs and Border Protection ("CBP"), to wit:

   i. Defendants agree to accept, complete, and submit necessary CBP forms to CBP's Office of Fines, Penalties and Forfeitures as requested, in a timely and compliant manner, in order to facilitate scheduling and transfers involving seized property, contractors, and warehouses.

   ii. Defendant understands that the acknowledgement of the Returned Property and the release of the Returned Property may occur on separate days, and the government will act promptly to authorize release of the Returned Property to the defendant upon verification of properly submitted CBP forms.

   iii. The release of the Returned Property will be at defendants' sole expense – the government will not deliver the Returned Property to defendants.

   iv. Defendants understand and agree that any and all charges incurred in retrieving the Returned Property post-settlement must be paid immediately to the seized property contractor upon demand, but such

charges do not include any costs for storing or maintaining the property during the seizure period.

C. Defendants hereby waive, relinquish and abandon any right to contest the forfeiture of the forfeited property, and releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration, Homeland Security Investigations, U.S. Customs and Border Protection, or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which defendants hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of defendants with respect to any portion of the forfeited property or returned property, whether pursuant to 28 U.S.C. § 2465 or otherwise.

D. Defendants did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

E. If the conviction is overturned as to any counts, the government agrees to return to the defendants the sum of forfeited property associated with the overturned count(s) upon full completion of the criminal case and exhaustion of related appeals.

//

//

//

//

F. The parties further stipulate and agree that pursuant to Fed. R. Crim. P. 32.2 (b)(2)(C), the final order of forfeiture shall be entered in an amended sentencing order and will include the forfeited property described herein as $27,000,000.00.

G. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: May 27, 2026

HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
*/s/ James E. Dochterman*
JAMES E. DOCHTERMAN
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA